UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:21-cv-467 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| CHRISTOPHER JOHNSON, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION TO REMAND (Doc. 8)**

This civil case is before the Court on Plaintiff Total Quality Logistics, LLC's motion to remand (Doc. 8) and the parties' responsive memoranda (Docs. 9, 10).

**I. BACKGROUND**

The following facts are taken from allegations in the Complaint (Doc. 3) and the Notice of Removal (Doc. 1). TQL is a third-party logistics company, operating in the freight brokerage industry. (Doc. 3 at ¶ 4). Defendant Christopher Johnson, a North Carolina resident, is a former employee of TQL. (*Id*. at ¶ 5). Johnson worked for TQL from September 2015 to July 2020 in TQL's Charlotte, North Carolina office. (*Id*.)

Johnson signed an Employee Non-Compete, Confidentiality and Non-Solicitation Agreement (the "Agreement") with TQL. (*Id*. at ¶ 1, Ex. 1). The Agreement prohibits, among other acts, misappropriation of trade secret and confidential information. (*Id*. at ¶ 23). The Agreement's non-solicitation period is twelve months. (*Id*. at Ex. 1, § 9(b)(v)). Pursuant to the Agreement, TQL may seek an injunction restraining the employee from violating the agreement, and, if TQL is successful, Johnson "shall be

liable for costs, expenses, and reasonable attorneys' fees incurred by TQL." (*Id*. at § 9(c)).

On June 23, 2020, Johnson formed Defendant Patriots Logistics Services, LLC ("Patriots") (collectively, "Defendants"), a North Carolina limited liability company.[1] (*Id*. at ¶ 24). Johnson obtained federal brokerage authority for Patriots on July 22, 2020. (*Id*.) Johnson resigned from TQL on July 23, 2020. (*Id*.). TQL contends that Patriots is a competitor. (*Id*. at ¶ 14). TQL argues that Johnson's actions breached the Agreement and that he is misappropriating trade secrets. (*See generally*, *id*.)

On June 4, 2021, TQL filed a verified complaint for injunctive relief and damages in the Clermont County, Ohio Court of Common Pleas. (Doc. 1 at ¶ 1). Defendants removed that case to federal court based on this Court's diversity jurisdiction. (*Id*. at ¶ 3). TQL moved to remand the case back to state court, arguing that the amount in controversy was not met because TQL was not seeking more than $75,000 in damages. (*Id*. at ¶ 5). On July 7, 2021, TQL's motion to remand was denied, finding that TQL had failed to make an unequivocal stipulation as to its damages. (*Id*. at ¶ 8).

On July 9, 2021, TQL voluntarily dismissed its case pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). (*Id*. at ¶ 9). On July 13, 2021, TQL re-filed its action in state court, asserting substantially the same allegations. (*Id*. at ¶ 10–11). TQL also filed another motion for temporary restraining order and preliminary injunction. (Doc. 1-2).

---

[1] Johnson, a North Carolina resident, is the sole member. (Doc. 1 at ¶ 13). Thus, Patriots' citizenship is North Carolina.

Defendants, again, removed the case to federal court based on this Court's diversity jurisdiction. (Doc. 1).

TQL now moves to remand this action back to state court. (Doc. 8). TQL has also filed an "unequivocal and binding" stipulation, which stipulation provides:

> TQL hereby stipulates that the relief it seeks, and will accept, is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief.

(Doc. 7 at 1). Defendants have opposed the motion (Doc. 9), TQL has replied (Doc. 10), and the motion is now ripe for this Court's consideration.

## II. STANDARD OF REVIEW

A party can remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Generally, where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, a federal court has jurisdiction to hear the case. 28 U.S.C. § 1332(a). The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements and must do so by a preponderance of the evidence. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, Case No. 96-5494, 114 F.3d 1188, 1997 WL 259352, at *2–3 (6th Cir. May 15, 1997).

When a defendant does not satisfy its burden of demonstrating that removal was proper, the district court may remand the case back to the state court from which it was

removed. 28 U.S.C. § 1447(c). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, <u>the removal statute should be strictly construed and all doubts resolved in favor of remand</u>." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted) (emphasis added).

### III. ANALYSIS

**A. The Case Is Remanded.**

A plaintiff is the master of his or her own complaint; thus, a plaintiff wishing to avoid removal can sue in state court for less than the jurisdictional amount, thereby preventing removal even if the parties are diverse. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). However, under Ohio civil pleading rules, "the only statement that a plaintiff is generally allowed to make regarding alleged damages in a complaint is that the amount sought is more than $25,000," and any limitations capping damages in the complaint "are not enforceable under Ohio law." *Total Quality Logistics, LLC v. Summit Logistics Grp.*, LLC, No. 1:20-CV-519, 2020 WL 6075712, at *2 (S.D. Ohio Oct. 14, 2020) (citing Ohio Civ. R. 8(A); Civ. R. 54(c)). "As a result, a defendant facing suit in Ohio court is free to remove an action, even if the Ohio state court complaint purports to cap the amount in controversy below $75,000, so long as the defendant can assert in good faith in its removal papers that the amount in controversy in fact exceeds the jurisdictional threshold." *Id*.

When a defendant removes an action based on a good faith belief that the amount in controversy exceeds the jurisdictional threshold, a plaintiff has two options when

4

seeking to remand back to state court: (1) respond to the removal by clearly stipulating in federal court that the plaintiff is not seeking, and will not accept, more than $75,000 in the action, binding the plaintiff on its potential recovery and depriving the federal court of subject matter jurisdiction; or (2) move to remand, disputing the allegations made in the defendant's removal papers. *Summit*, 2020 WL 607512 at *3 (citing *Heyman*, 781 F. App'x at 469–70; then citing 28 U.S.C. § 1446(c)(2)(b)).

TQL has decided to pursue both options. First, TQL filed a stipulation of its damages. (Doc. 7). Second, TQL moved to remand, disputing Defendants' allegations related to the amount in controversy in Defendants' notice of removal. (Doc. 8). This case will be remanded based on TQL's stipulation.

> A plaintiff may stipulate to a claim less than the federal jurisdictional amount where a plaintiff provides specific information about the amount in controversy *for the first time*. In such a situation, the stipulation by the plaintiff is not deemed a postremoval change in the prayer for relief but merely a clarification of the plaintiff's intent. Only an unequivocal statement and stipulation limiting damages will serve this purpose, however. To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand.

*Heyman*, 781 Fed. App'x at 469 (cleaned up) (emphasis in original).[2]

Here, TQL's filed such an unequivocal and binding stipulation:

---

[2] *Heyman* considered Kentucky pleadings rules. However, both Kentucky and Ohio have similar rules restricting a party from capping damages in the complaint. *Compare* Ohio Civ. R. 8(A) ("If the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought") *with* Ky. R. Civ. P. 8.01 (pleading shall "not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court").

> TQL hereby stipulates that the relief it seeks, and will accept, is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief.

(Doc. 7). In previous cases, such a stipulation has provided the necessary clarification on damages and supported remand. *See, e.g., Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-CV-182, 2019 WL 6723837, at *2 (S.D. Ohio Dec. 11, 2019); *Total Quality Logistics, LLC v. Johnson*, No. 1:19-CV-850, 2019 WL 5540682, at *1 (S.D. Ohio Oct. 28, 2019); *Total Quality Logistics, LLC v. Navajo Express, Inc.*, No. 1:18-CV-230, 2018 WL 2001434, at *2 (S.D. Ohio Apr. 30, 2018).

Defendants argue that TQL's stipulation is not binding because it is not the first time TQL has provided specific information about the amount in controversy. (Doc. 9 at 6–7). Specifically, Defendants contend that the first lawsuit, which lawsuit was removed and voluntarily dismissed, should be considered "the first time" TQL submitted specific information about its damages to this Court. (*Id.*)

The Court does not agree. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Such a notice, unless stated otherwise, is a dismissal without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "'[W]hen a voluntary dismissal is without prejudice the plaintiff is placed in a legal position <u>as if he had never brought the first suit</u> and has the right to bring a later suit on the same cause of action without adjudication of the merits.'" *Rutherlan*

6

*Enterprises, Inc. v. Zettler Hardware*, 700 F. App'x 398, 401 (6th Cir. 2017) (quoting *Dearth v. Mukasey*, 516 F.3d 413, 415 (6th Cir. 2008)) (emphasis added).

Here, when TQL voluntarily dismissed the first lawsuit, it was placed in a position as if it had never brought that lawsuit. Thus, the stipulation here is the first time TQL has provided specific information clarifying the damages it seeks.[3]

Defendants also contend that TQL's stipulation is not an unequivocal statement clarifying damages below $75,000 because TQL seeks injunctive relief. (Doc. 9 at 7–10). To be sure, this Court denied TQL's motion to remand in the prior lawsuit in part because of the value of injunctive relief. *Total Quality Logistics, LLC v. Johnson*, No. 1:21-CV-386, 2021 WL 2819840 (S.D. Ohio July 7, 2021). However, in the prior lawsuit, TQL did not include the value of injunctive relief when it attempted to clarify its damages through an amended complaint. *Id*. at *3–*4.

Here, TQL's stipulation unequivocally states that it will only accept damages "in a cumulative amount that is less than $75,000.00, **inclusive of** compensatory damages, punitive damages, attorney's fees, and the fair value of any **injunctive relief**." (Doc. 7 at 1 (emphasis added)). And, as already discussed *supra*, this Court has previously found the same stipulation unequivocal and remanded those cases.

---

[3] Defendants also contend that the procedural history in this case demonstrates TQL's "gamesmanship" and that TQL "should not be rewarded" by remanding this case back to state court. (Doc. 9 at 6). However, TQL properly used the rules of this Court when voluntarily dismissing its case and putting itself in a position as if the first lawsuit never happened. TQL's voluntary dismissal was proper because Defendants had not yet answered TQL's complaint or filed a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(i).

Finally, the Court reiterates "[t]he plaintiff is the master of her complaint and may choose the remedies she wishes to request." *Innovation Ventures, LLC v. Custom Nutrition Lab'ys*, LLC, 912 F.3d 316, 331 (6th Cir. 2018) (citing *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007)).  Moreover, "all doubts as to the propriety of removal are resolved in favor of remand." *Smith*, 505 F.3d at 405 (quotation omitted).

Accordingly, TQL, as the master of the complaint, has provided an unequivocal statement and stipulation limiting damages.  This Court lacks jurisdiction as the amount in controversy is not met.  Remand is proper.

### B. TQL Is Not Entitled To Attorney Fees.

When a district court grants a motion to remand, it may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  TQL requests that the Court award attorney fees and costs incurred with the motion to remand.  (Doc. 10 at 10).

The standard for awarding fees and costs after remanding a removed case "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Courts may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*.  Conversely, "when an objectively reasonable basis exists, fees should be denied." *Id*.

The Court finds that TQL is not entitled to fees and costs incurred with the motion to remand.[4] Defendants' basis for removal was not objectively unreasonable. Defendants' argument that the Court should value TQL's requested injunctive relief is supported by legal authority, and the basis of that authority has led the parties to this Court twice on removal. Accordingly, the Court cannot conclude that Defendants' basis for removal was objectively unreasonable, and therefore, no costs or fees will be rewarded.

### III.  CONCLUSION

Based upon the foregoing, TQL's motion to remand (Doc. 8) is **GRANTED**. This case is **REMANDED** to the State Court from which it was removed. The parties shall bear their own costs and fees. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 8/5/2021

s/Timothy S. Black
Timothy S. Black
United States District Judge

---

[4] TQL did not request attorney fees in its opening brief, discussing attorney fees and costs for the first time on reply. (Doc. 8). Although a party may recover fees pursuant to statute, arguments are generally waived when presented for the first time on reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008). However, Defendants raised attorney fees, without prompt by TQL, in their response in opposition. (Doc. 9 at 11). Thus, it was not inappropriate for TQL to reply to what was raised in the response. (Doc. 10 at 10).